

# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | Case Number: 21CY-CV04091 |
| Plaintiff/Petitioner:<br>T M<br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>Katherine Myers<br>209 W Linwood<br>Kansas City, MO 64111 |
| Defendant/Respondent:<br>LIBERTY 53 SCHOOL DISTRICT | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | |

<div align="right">(Date File Stamp)</div>

## Summons in Civil Case

**The State of Missouri to:** LIBERTY 53 SCHOOL DISTRICT
**Alias:**

**SVR:SUP DR JEREMY TUCKER**
**8 VICTORY LANE**
**LIBERTY, MO 64068**

*COURT SEAL OF*

*CLAY COUNTY*

  You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____5/18/2021_____          _____ Rhonda L _____
          Date

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
     Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                        Date                                    Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-08) SM30 (SMCC) *For Court Use Only*: Document 1-2 21-SMCC-519    Filed 07/15/21    Civil Procedure Form No. 1, Rules 54.01 – 54.05,
CLAY (2-11) (SMCCCY)                                                                                     54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00495-DGK   Document 1-2   Filed 07/15/21   Page 1 of 27

Electronically Filed - Clay - May 17, 2021 - 04:30 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | |
|---|---|
| **B.M.,** *a minor child*, *by his next friend*, **T.M,** ) ) ) | |
| **Plaintiff,** ) | **Case No.** |
| **v.** ) ) | |
| **LIBERTY SCHOOL DISTRICT #53** ) **SERVE:** ) **Dr. Jeremy Tucker, Superintendent** ) **8 Victory Lane** ) **Liberty, Missouri 64068** ) ) | |
| **Defendant.** ) | |

## MOTION FOR APPOINTMENT OF NEXT FRIEND

COMES NOW T.M., by and through undersigned Counsel, and for this Motion for Appointment of Next Friend, states to the Court as follows:

1. Plaintiff, B.M. is under the age of eighteen years old.

2. Plaintiff B.M. has no legally appointed guardian.

3. T.M. is the father of Plaintiff B.M.

4. Plaintiff B.M. is now residing in Clay County, Missouri.

5. T.M. is over the age of 18 years and is, therefore, qualified to act as Next Friend.

6. T.M. hereby CONSENTS to act as Next Friend for Plaintiff B.M. for the purpose of prosecuting the above-captioned suit, as confirmed by the Consent To Serve As Next Friend, filed herewith and incorporated as if fully set forth herein.

WHEREFORE, Plaintiff prays for an order appointing T.M. as Next Friend of Plaintiff B.M. for the above-mentioned purposes, and for such further relief this Court deems just and proper.

Respectfully submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

By:/s/ Katherine E. Myers
Katherine E. Myers        MO# 64896
208 West Linwood Blvd.
Kansas City, MO 64111
Tel: (816) 533-4976
Fax: (816) 463-8449
kmyers@elmlawkc.com
ATTORNEY FOR PLAINTIFFS

Electronically Filed - Clay - May 17, 2021 - 04:30 PM

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| B.M., *a minor child, by his next friend,* <br> T.M, <br><br>          Plaintiff, <br><br> v. <br><br> LIBERTY SCHOOL DISTRICT #53 <br> SERVE: <br> Dr. Jeremy Tucker, Superintendent <br> 8 Victory Lane <br> Liberty, Missouri 64068 <br><br>          Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## CONSENT TO SERVE AS NEXT FRIEND

I, T.M., do hereby consent to serve as next friend for minor Plaintiff B.M. in the above-captioned matter.

_____      5/17/21
T.M.                                         Date

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) SS |
| COUNTY OF JACKSON | ) |

On this 17th day of May, 2021, remoted appeared before me (pursuant to Missouri Executive Order 20-08) T.M., known to me to be the person who executed the foregoing Consent to Serve as Next Friend and acknowledged to me that he executed the foregoing instrument as his free act and deed for the purposes therein stated.

IN TESTIMONY WHEREOF, I have subscribed my name and affixed my official seal in the County and State aforesaid, on the day and year above written.

_____
Notary Public



ELLEN CRAWFORD
My Commission Expires
December 26, 2022
Jackson County
Commission #11131180

Electronically Filed - Clay - May 17, 2021 - 04:30 PM

## IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

| | |
|---|---|
| B.M., *a minor child, by his next friend,*<br>T.M, | )<br>)<br>) |
| Plaintiff, | )    Case No. |
| v. | )<br>) |
| LIBERTY SCHOOL DISTRICT #53<br>SERVE:<br>Dr. Jeremy Tucker, Superintendent<br>8 Victory Lane<br>Liberty, Missouri 64068 | )<br>)<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## ORDER APPOINTING NEXT FRIEND

UPON request and for good cause shown, the Court does hereby appoint T.M., as Next Friend for the minor Plaintiff, B.M. in this action, and leave is GRANTED for T.M. to proceed on behalf of the minor Plaintiff.

**Circuit Judge**

5/18/21

Date

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | | | |
|---|---|---|---|
| **B.M.,** *a minor child, by his next friend,* | ) | | |
| **T.M,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | **Case No.** | |
| | ) | **Div.** | |
| **v.** | ) | | |
| | ) | | |
| **LIBERTY SCHOOL DISTRICT #53** | ) | | |
| **SERVE:** | ) | | |
| **Dr. Jeremy Tucker, Superintendent** | ) | | |
| **8 Victory Lane** | ) | | |
| **Liberty, Missouri 64068** | ) | | |
| | ) | **REQUEST FOR JURY TRIAL** | |
| **Defendant.** | ) | | |

**PETITION FOR DAMAGES**

COMES NOW Plaintiff B.M, a minor child, by his next friend T.M. (hereinafter "Plaintiff"), by and through undersigned counsel, and states the following as his Petition for Damages against Defendant Liberty School District:

**PARTIES**

1. Plaintiff T.M., is a resident of Liberty, Clay County, Missouri.

2. Plaintiff B.M. is a minor child and a resident of Liberty, Clay County, Missouri.  T.M. is B.M.'s father and serving as his next friend.

3. Defendant Liberty School District #53 (hereinafter "Defendant") is a public school existing under the laws of the State of Missouri with its administrative offices located at 8 Victory Lane, Liberty, Clay County, Missouri.

4. Defendant is now conducting common school and educational curricula at multiple addresses within this Court's jurisdiction.

**JURISDICTION AND VENUE**

5. This claim is a public accommodation discrimination lawsuit based upon and arising under the Missouri Human Rights Act, RSMo. § 213.065 *et seq.* ("MHRA").

6. All of the unlawful acts, omissions, behaviors, policies, and practices set forth below were committed in Clay County, Missouri.

7. Defendant operates multiple schools within Clay County, Missouri.

8. The suit arises out of the operations described in the prior paragraph.

9. This suit arises out of the Defendant's operations of places of public accommodation in the state of Missouri.

10. Jurisdiction and venue are proper in Clay County, Missouri, pursuant to RSMo. §§ 508.010 and 213.111(1), (2).

**ADMINISTRATIVE PROCEDURES**

11. On or about March 19, 2020, Plaintiff filed with the Missouri Commission on Human Rights ("MCHR") a Charge of Discrimination against Defendant alleging discrimination in public accommodation (attached as Exhibit 1 and incorporated herein by reference).

12. On or about April 19, 2021, the MCHR issued to a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference). This lawsuit was filed within 90 days of the issuance of the MCHR's Notice of Right to Sue.

13. The aforesaid Charge of Discrimination provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

2

14. Plaintiffs have satisfied all private, administrative, and judicial prerequisites to the institution of this action, which has been filed within the requisite statute of limitations.

## BACKGROUND

15. Plaintiff B.M. has Autism, ADHD, anxiety, and depression.

16. These mental impairments are "disabilities" as that term is defined by the MHRA.

17. Plaintiff's mental impairments significantly impact one or more of his major life activities, including, but not limited to: communicating, learning, concentrating, and thinking.

18. Plaintiff has a record of having multiple disabilities.

19. At all relevant times discussed in this Petition for Damages, Defendant has regarded Plaintiff as disabled.

20. Defendant has failed to treat Plaintiff B.M. equally to other students, and has failed to provide Plaintiff with full and equal opportunity, because of Plaintiff B.M.'s disabilities and because of complaints of discrimination.

21. Plaintiff B.M. has been discriminated against and segregated by Defendant due to his disabilities and because of complaints of discrimination.

22. Defendant has, both directly and indirectly, refused, withheld, and denied advantages, services, facilities, and privileges from Plaintiff B.M. because of his disabilities and because of complaints of discrimination.

23. Defendant has, both directly and indirectly, attempted to refuse, withhold, and deny advantages, services, facilities, and privileges from Plaintiff B.M. because of his disabilities and because of complaints of discrimination.

24.     Defendant has failed to provide reasonable and appropriate accommodation to Plaintiff B.M, despite knowledge of Plaintiff's disabilities and requests for accommodation, and thus has discriminated against Plaintiff B.M.

25.     Defendant has repeatedly disciplined Plaintiff B.M. for manifestations of his disabilities and has treated Plaintiff's behavior—behavior caused by his disabilities—as if it were behavior he has intentionally chosen to engage in.

26.     Defendant has engaged in a pattern and practice of discriminatory and retaliatory actions against Plaintiff B.M.

27.     Defendant's pattern and practice of discrimination and retaliation constitute interrelated actions of a continuing nature.

28.     Defendant's has engaged in repeated negative, derogatory, and discriminatory reactions to Plaintiff B.M.'s disabilities which have exasperated the symptoms of said disabilities.

29.     At all relevant times in this Petition, Plaintiff B.M. has missed many hours of equal and full participation in school, learning, and socialization, because of Defendant's refusal to accommodate his disabilities and discriminatory treatment of Plaintiff because of his disabilities.

30.     Upon information and belief, Defendant has treated other students with disabilities in a discriminatory fashion.

31.     At all relevant times in this Petition, Plaintiff B.M. has been attending elementary school in Defendant Liberty School District #53.

32.     Since at least May 7, 2019, Defendant has engaged in a pattern and practice of discrimination and harassment against Plaintiff B.M.

4

33. For example, Plaintiff B.M.'s disabilities cause him to have difficulty expressing emotion when he feels distressed.

34. Upon information and belief, on multiple occasions, Defendant's staff has purposefully tried to aggravate Plaintiff B.M., a disabled child, in order to elicit a negative reaction, so that they may use that reaction to justify disciplining Plaintiff B.M.

35. Additionally, due to Plaintiff B.M.'s disabilities, he experiences extreme difficulty making choices.

36. On multiple occasions, Defendant's staff has put Plaintiff B.M. in situations where he is required to make a choice, thereby causing him distress and difficulty functioning.

37. Defendant has frequently changed Plaintiff's schedule, which Defendant knows has a negative impact on Plaintiff B.M. due to his disabilities.

38. Defendant frequently engages in behavior which is known to "trigger" Plaintiff due to his disabilities.

39. When Plaintiff B.M.'s disabilities cause him to react to Defendant's discriminatory and harassing treatment, Defendant punishes Plaintiff B.M. by disciplining him, isolating him, criticizing him, and suspending him from school.

40. Upon information and belief, Defendant has intended to cause manifestations of Plaintiff B.M.'s disabilities in order to "justify" disciplining him.

41. By disciplining Plaintiff B.M. for symptoms of his disabilities, Defendant has made Plaintiff B.M. feel that he is somehow a "bad" or "wrong" person, despite the fact that he is unable to control said symptoms, because they are caused by disabilities.

42. Plaintiff B.M. has been treated negatively by other students and Defendant has failed to appropriately address said negative treatment.

43.     Upon information and belief, Defendant's negative treatment of Plaintiff has condoned and even encouraged Plaintiff B.M.'s peers to treat him differently and more negatively.

44.     Upon information and belief, Defendant has failed to follow its policies and procedures in investigating its discriminatory actions against Plaintiff.

44.     Plaintiff B.M. has been suspended from school on many occasions because of his disabilities and/or in retaliation for complaints of discrimination.

45.     On every occasion, Defendant was aware of Plaintiff B.M.'s disabilities, including the symptoms and manifestations of Plaintiff B.M.'s disabilities, prior to issuing discipline to Plaintiff B.M.

46.     The continued pattern of suspension, discipline, and harassment which Plaintiff B.M. has endure since May 2019 are part of a continued pattern and practice of discrimination and harassment of Plaintiff by Defendant.

47.     For example, on or about May 7, 2019, Plaintiff B.M. was suspended from school for one full day because of his disabilities.

48.     On or about May 9, 2019, Plaintiff B.M. was given a half day in school suspension and a full day out of school suspension because of his disabilities.

49.     On or about May 23, 2019, Plaintiff B.M. was given a half day in school suspension and a full day out of school suspension because of his disabilities.

50.     After the summer break, in August and September 2019, Plaintiff B.M. continued to suffer discrimination and harassment by Defendant due to his disabilities.

51.     Defendant's staff, including administration, consistently engaged in behaviors which were known to cause Plaintiff distress.

52. Defendant also frequently threatened to issue discipline to Plaintiff B.M., which heavily increased his anxiety and symptoms of his disabilities.

53. Defendant has removed Plaintiff B.M. from his classes because of his disabilities on many occasions, and has forced him to sit in the administration office, without being provided any services.

54. For example, on or about September 10, 2019, Plaintiff B.M. was forced to sit isolated in the administration office on at least three occasions because of his disabilities.

55. On frequent occasions, Defendant has refused to provide Plaintiff B.M. with services, privileges, facilities, and opportunities, and instead has required Plaintiff B.M.'s father to pick him up from school because of his disabilities.

56. For example, on or about September 11, 2019, and again on or about September 24, 2019, Defendant required Plaintiff's father to pick him up early from school because of his disabilities.

57. On or about September 25, 2019, Plaintiff B.M. was given a one day in school suspension and four day out of school suspension by Defendant because of his disabilities.

58. On or about September 27, 2019 and again on October 2, 2019, Plaintiff Timothy McCorkle complained to Defendant on Plaintiff B.M.'s behalf that Plaintiff B.M. was being treated differently due to his disabilities.

59. On or about October 1, 2019, Defendant refused to allow Plaintiff B.M. to participate in a field trip due to his disabilities.

60. Specifically, Defendant would only permit Plaintiff B.M. to attend the filed trip of his parent attend as well because of Plaintiff B.M.'s disabilities.

61.     Upon information and belief, no other student was required to have a parent attend the field trip in order to participate.

62.     On or about October 28, 2019, Plaintiff B.M. was given a half day in school suspension and two day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

63.     On or about November 7, 2019, Plaintiff B.M. was given a one day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

64.     On or about November 26, 2019, Plaintiff's father again complains to Defendant on Plaintiff B.M.'s behalf that Plaintiff B.M. was being treated differently due to his disabilities.

65.     Also on or about November 26, 2019, Plaintiff B.M. was given a two day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

66.     Upon information and belief, Defendant made a hotline call to the state regarding Plaintiffs in retaliation for the complaints of discrimination.

67.     On or about December 4, 2019, Plaintiff B.M. was given a two and one half day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

68.     On or about December 12, 2019, Plaintiff B.M. was given a five day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

69.     In January 2020, Plaintiff B.M. was only permitted to attend shortened school days by Defendant because of his disabilities and in retaliation for complaints of discrimination.

70.     On or about February 19, 2020, Plaintiff B.M. was given a ten day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

71.     In or about February or March 2020, Defendant informed that Plaintiff would not be permitted to return to school without undergoing a "threat assessment" interview due to Plaintiff B.M.'s disabilities.

72.     On or about March 6, 2020, Plaintiff B.M. was given a ten day out of school suspension by Defendant because of his disabilities and in retaliation for complaints of discrimination.

## COUNT I
### Disability Discrimination, RSMo. 213.010 et seq.

73.     Plaintiffs hereby incorporate by reference all of the above-stated paragraphs as though fully set forth herein.

74.     Plaintiff B.M. has various mental impairments including Autism, ADHD, anxiety and depression.

75.     Said impairments substantially limit one or more major life activity of Plaintiff B.M., including but not limited to, thinking, learning, concentrating, and communicating.

76.     Plaintiff has a record of having multiple disabilities.

77.     At all relevant times discussed in this Petition for Damages, Defendant has regarded Plaintiff as disabled.

78.     Defendant has failed to treat Plaintiff B.M. equally to other students, and has failed to provide Plaintiff with full and equal opportunity, because of Plaintiff B.M.'s disabilities.

79.     Plaintiff B.M. has been discriminated against and segregated by Defendant due to his disabilities.

9

80.     Defendant has, both directly and indirectly, refused, withheld, and denied advantages, services, facilities, and privileges from Plaintiff B.M. because of his disabilities.

81.     Defendant has, both directly and indirectly, attempted to refuse, withhold, and deny advantages, services, facilities, and privileges from Plaintiff B.M. because of his disabilities.

82.     Defendant has failed to provide reasonable and appropriate accommodation to Plaintiff B.M, despite knowledge of Plaintiff's disabilities and requests for accommodation, and thus has discriminated against Plaintiff B.M.

83.     Defendant has repeatedly disciplined Plaintiff B.M. for manifestations of his disabilities and has treated Plaintiff's behavior—behavior caused by his disabilities—as if it were behavior he has intentionally chosen to engage in.

84.     As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered past and future damages for which he seeks fair compensation, which include mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, exacerbation of disabilities, increased need for medical care and services, delay in learning and education, degradation, hopelessness, humiliation, increased depression and anxiety, loss of enjoyment of life, sadness, decreased confidence, lost educational services and privileges, and other nonpecuniary losses, all of a continuing and permanent nature.

85.     Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

86.     Plaintiffs seek all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant, for actual, compensatory, and economic past and future damages to make Plaintiff whole, awarding appropriate medical expenses, education expenses, and for other affirmative, compensatory, and equitable relief necessary to eradicate the effects of Defendant's unlawful actions; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal educational opportunities and eradicate the effects of its past and present unlawful practices onto Plaintiff; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial; for reasonable attorney's fees, expenses, expert fees, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

<div align="center">

**COUNT II**
**Harassment, RSMo. 213.010 et seq.**

</div>

87.     Plaintiffs hereby incorporate by reference all of the above-stated paragraphs as though fully set forth herein.

88.     Plaintiff B.M. was subject to unwelcome harassment by Defendant because of Plaintiff's disabilities, that had the purpose or effect of substantially interfering with Plaintiff's education or creating an intimidating, hostile, or offensive environment.

89.     Defendant knew or should have known of the harassment of Plaintiff and should have taken appropriate action to stop it, but failed to do so.

90.     As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered past and future damages for which he seeks fair compensation, which include mental anguish, emotional distress, pain and suffering, mental distress, embarrassment,

<div align="center">11</div>

exacerbation of disabilities, increased need for medical care and services, delay in learning and education, degradation, hopelessness, humiliation, increased depression and anxiety, loss of enjoyment of life, sadness, decreased confidence, lost educational services and privileges, and other nonpecuniary losses, all of a continuing and permanent nature.

91.     Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

92.      Plaintiffs seek all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant, for actual, compensatory, and economic past and future damages to make Plaintiff whole, awarding appropriate medical expenses, education expenses, and for other affirmative, compensatory, and equitable relief necessary to eradicate the effects of Defendant's unlawful actions; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal educational opportunities and eradicate the effects of its past and present unlawful practices onto Plaintiff; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial; for reasonable attorney's fees, expenses, expert fees, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## COUNT III
## Retaliation, RSMo. 213.010 et seq.

93.     Plaintiffs hereby incorporate by reference all of the above-stated paragraphs as though fully set forth herein.

94. On multiple occasions discussed above, T.M. complained of discrimination to Defendant on behalf of his son B.M.

95. In response to the protected complaints, Defendant has failed to treat Plaintiff B.M. equally to other students, and has failed to provide Plaintiff with full and equal opportunity, because of Plaintiff B.M.'s disabilities.

96. In response to the protected complaints, Defendant has, both directly and indirectly, refused, withheld, and denied advantages, services, facilities, and privileges from Plaintiff B.M.

97. In response to the protected complaints, Defendant has, both directly and indirectly, attempted to refuse, withhold, and deny advantages, services, facilities, and privileges from Plaintiff B.M.

98. In response to the protected complaints, Defendant has failed to provide reasonable and appropriate accommodation to Plaintiff B.M, despite knowledge of Plaintiff's disabilities and requests for accommodation.

99. In response to the protected complaints, Defendant has repeatedly disciplined Plaintiff B.M.

100. As a direct result of the unlawful conduct of Defendant, as set forth herein, Plaintiff has suffered past and future damages for which he seeks fair compensation, which include mental anguish, emotional distress, pain and suffering, mental distress, embarrassment, exacerbation of disabilities, increased need for medical care and services, delay in learning and education, degradation, hopelessness, humiliation, increased depression and anxiety, loss of enjoyment of life, sadness, decreased confidence, lost educational services and privileges, and other nonpecuniary losses, all of a continuing and permanent nature.

13

Electronically Filed - Clay - May 07, 2021 - 06:23 PM

101. Plaintiff requests to be found the prevailing party in this matter and awarded damages as appropriate under the MHRA.

102. Plaintiffs seek all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

WHEREFORE, Plaintiffs pray that the Court enter judgment against Defendant, for actual, compensatory, and economic past and future damages to make Plaintiff whole, awarding appropriate medical expenses, education expenses, and for other affirmative, compensatory, and equitable relief necessary to eradicate the effects of Defendant's unlawful actions; for injunctive relief including ordering Defendant to institute and carry out policies, practices, and programs that provide equal educational opportunities and eradicate the effects of its past and present unlawful practices onto Plaintiff; for past and future compensatory damages and pecuniary and non-pecuniary losses including emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment and inconvenience, in amounts to be determined at trial; for reasonable attorney's fees, expenses, expert fees, and costs incurred herein as determined by the Court; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as this Court deems just and proper.

## **REQUEST FOR JURY TRIAL**

Plaintiffs request a trial by jury in the Circuit Court of Clay County Missouri on all counts, actions, claims, and wrongs contained in this Petition for Damages.

Respectfully submitted,

EDELMAN, LIESEN & MYERS, L.L.P.

By:/s/ Katherine E. Myers
Katherine E. Myers        MO# 64896
208 West Linwood Blvd.
Kansas City, MO 64111
Tel: (816) 533-4976
Fax: (816) 463-8449
kmyers@elmlawkc.com
ATTORNEY FOR PLAINTIFFS

15

Electronically Filed - Clay - May 07, 2021 - 06:23 PM

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s) |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA [ ] EEOC | |

MISSOURI COMMISSION ON HUMAN RIGHTS
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(incl. Area Code)* | Date of Birth |
|---|---|---|
| **B.M., a minor child, through his Next Friend T     M     c/o Edelman, Liesen & Myers, L.L.P.** | **(816) 533-4976** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **208 W. Linwood Blvd.** | **Kansas City, Missouri 64111** |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Liberty School District** | **150+** | **(816) 320-3000** |

| Street Address | City, State and ZIP Code |
|---|---|
| **8 Victory Lane** | **Liberty, MO 64068** |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN

[X] RETALIATION  [ ] AGE  [X] DISABILITY  [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: **January 2019**   Latest: **Present**

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I, T     M     as next friend of Complainant B.M., bring this Charge of Discrimination against Respondent Liberty School District.

Respondent Liberty School District is a place of public accommodation within the meaning of the Missouri Human Rights Act ("MHRA"), RSMo. § 213.010 *et seq.*

The specific facts that give rise to my claims of disability discrimination and retaliation are as follows:

Respondent discriminated against Complainant due to his disability and/or Respondent's perception that he is disabled and/or his record of having a disability.

1 of 3

Complainant is in the protected class of "disability" due to his medical conditions. Specifically, he is autistic and has ADHD, anxiety and depression.

While attending Liberty School District, Complainant was not permitted to attend a field trip unless his parent attended with him. Upon information and belief, no other students were told they had to have a parent present. Liberty School District treated Complainant differently due to his disabilities on this occasion. Complainant was unable to attend the field trip due to this restriction.

Following this, Complainant's father made complaints regarding unequal treatment to the School District. Since these complaints, Complaint was hotlined to the Children's Division. Upon information and belief, Complainant was hotlined in retaliation for his father's complaints of discrimination.

Over the past approximately year and a half, Complainant has been suspended from school for almost 35 days, due to symptoms of his disabilities. As a result of Complainants disabilities, he has difficulty expressing his emotions when he feels distressed. Upon information and belief, the school staff has purposefully tried to aggravate Complainant in order to elicit a negative reaction. Upon information and belief, they do this in order to suspend Complainant from school. Complainant has been denied full and equal access to the school and education.

Respondent frequently engages in behavior which is harassing to Complainant, and denies him full and equal access and enjoyment of participation in school. For example, due to Complainant's disabilities, he experiences extreme difficulty making choices, which Respondent is aware of. Respondent frequently puts Complainant in a position where Complainant is required to make a choice, thereby causing him distress and difficulty functioning. Respondent will also frequently change Complainant's schedule, which Respondent knows is quite difficult for Complainant due to his disabilities. Respondent frequently engages in behavior which is known to "trigger" Complainant (due his disabilities). When Complainant reacts (due to his disabilities), he is punished by being isolated, including being suspended from school. Respondent also permits

2 of 3

another student to bully Complainant. Complainant's father has raised this issue to Respondent multiple times, but the student has still been permitted to bully Complainant.

Due to the frequent isolation and suspension of Complainant, he has been denied a full and equal education from Respondent.

Liberty School District is discriminating against Complainant for his disabilities, harassing Complainant due to his disabilities, and is now retaliating against him for the complaint of discrimination. Complainant is not being appropriately accommodated for his disabilities.

As a direct and proximate result of the actions and conduct of the above described Respondent as set forth herein, Complainant been subjected to disability discrimination, harassment due to disability, and retaliation. Liberty School District knew or should have known of their long-standing obligation under the law to maintain schools free of discrimination, yet Respondent failed to take reasonably adequate steps to prevent discrimination.

As a result of Respondent's actions, I am seeking emotional distress damages, actual and compensatory damages, injunctive relief, punitive damages, attorney fees, costs, and expenses, and any other remedy the Commission deems appropriate.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3/19/20 | |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
**MISSOURI COMMISSION ON HUMAN RIGHTS**

Electronically Filed - Clay - May 07, 2021 - 06:23 PM

| | | | |
|---|---|---|---|
| **MICHAEL L. PARSON** | **ANNA S. HUI** | **MARTHA STAGGS** | **ALISA WARREN, PH.D.** |
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

T    M
O/B/O Minor Child B.M.
208 W. Linwood Boulevard
Kansas City, MO 64111
*Via Complainant Attorney Email*

### NOTICE OF RIGHT TO SUE

RE:    T    M    vs. LIBERTY SCHOOL DISTRICT
          P-03/20-04804

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.                                    April 19, 2021
Executive Director                                     Date

C:      additional contacts listed on next page

| ☒ | ☐ | ☐ | ☐ |
|---|---|---|---|
| **JEFFERSON CITY OFFICE** | **ST. LOUIS OFFICE** | **KANSAS CITY OFFICE** | **SIKESTON OFFICE** |
| 421 E. DUNKLIN STREET | 111 N. 7TH STREET, SUITE 903 | P.O. BOX 1129 | 106 ARTHUR STREET, SUITE D |
| P.O. BOX 1129 | ST. LOUIS, MO 63101-2100 | JEFFERSON CITY, 65102-1129 | SIKESTON, MO 63801-5454 |
| JEFFERSON CITY, MO 65102-1129 | PHONE: 314-340-7590 | FAX: 816-889-3582 | FAX: 573-472-5321 |
| PHONE: 573-751-3325 | FAX: 314-340-7238 | | |
| FAX: 573-751-2905 | | | |

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:     1-800-735-2966 (TDD)     Relay Missouri: 711
www.labor.mo.gov/mohumanrights        E-Mail: mchr@labor.mo.gov

RE:    T   M      vs. LIBERTY SCHOOL DISTRICT
P-03/20-04804

LIBERTY SCHOOL DISTRICT
8 Victory Lane
Liberty, MO 64068
*Via Respondent Contact Email*

Jessica Bernard
GUIN MUNDORF
4520 Main Street, Suite 520
Kansas City,  MO 64111
*Via Email*

Katherine E. Myers
EDELMAN LIESEN & MYERS, LLP
208 W. Linwood Boulevard
Kansas City, MO 64111
*Via Email*



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | Case Number: 21CY-CV04091 |
| Plaintiff/Petitioner:<br>T M<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>Katherine Myers<br>209 W Linwood<br>Kansas City, MO 64111 |
| Defendant/Respondent:<br>LIBERTY 53 SCHOOL DISTRICT | Court Address:<br>11 S WATER |
| Nature of Suit:<br>CC Public Accommodat 213.111 | LIBERTY, MO 64068 |

**RECEIVED**

JUN 1 4 2021

CLAY COUNTY SHERIFF
LIBERTY, MO

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: LIBERTY 53 SCHOOL DISTRICT
Alias:

**SVR:SUP DR JEREMY TUCKER**
**8 VICTORY LANE**
**LIBERTY, MO 64068**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____5/18/2021_____                        _____ Rhonda L _____
Date

*CLAY COUNTY*        Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
- ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
- ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
- ☐ other _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
Date                                        Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ ( ____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

FILE
SCAN

2103519

SHERIFF'S RETURN OF SERVICE

COUNTY OF CLAY

STATE OF MISSOURI

F I L E D

JUN 16 2021

CLAY COUNTY
CIRCUIT COURT TIME: _____

CASE # _21C Y - CV04091_

(1)  I hereby certify that I served the within summons at _____
on the _____ day of _____, 20_____ at _____ hours by delivering a true copy of said
writ to the within named defendant(s) _____.

(2)  I hereby certify that I served the within execution at _X Victory Ln_____
on the _15ᵗ_ day of _June_____, 20 _21_ at _0829_ hours by leaving a true copy of this writ
for the within named defendant(s) _Sandra Cockrum_____ with a member of the
family over the age of 15 years at the usual place of abode.  To Wit: _Assistant to the Super_
_Intendant_____.

(3)  I hereby certify that I attempted to serve the within civil process at _____
_____ on the _____ day of _____, 20 _____ at _____ hours by
searching for and failing to find the within named defendant(s) _____.
Reason for NON-EST: _____
_____
_____.

(4)  I hereby certify that I served the within garnishment at _____
_____ on the _____ day of _____, 20 _____ at _____ hours by leaving
said garnishment with: _____ Title: _____.

(5)  I hereby certify that I served a true copy of this summons /execution by posting at _____
_____ on the _____ day of _____, 20 _____ at _____ hours.
_____
_____.

All done in my county of Clay, State of Missouri

Fee ____$_____
Mileage $_____
Postage $_____
TOTAL DUE $_____  500

WILL AKIN, Sheriff
Clay County, Missouri

By: _____ # _8209_
Deputy Sheriff