IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| B.M., a minor, by his next friend T.M. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-cv-00495-DGK |
| ) | |
| LIBERTY SCHOOL DISTRICT # 53, ) | |
| ) | |
| Defendant. ) | |

**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 7, 2021, Plaintiff B.M., by and through next friend T.M., filed a complaint in the Circuit Court of Clay County, Missouri. Compl., ECF No. 1-2. Plaintiff, a mentally impaired child, alleges in three separate counts that Defendant Liberty School District # 53 has discriminated against, harassed, and retaliated against Plaintiff in violation of the Missouri Human Rights Act (MHRA). *Id.* The Complaint alleges that Defendant's staff purposefully tried to elicit negative reactions from Plaintiff by placing him in uncomfortable situations and by frequently changing his school schedule. Compl. ¶ 33–39. The complaint also includes allegations that Defendant failed to accommodate Plaintiff's disabilities. *Id.* ¶ 24.

Plaintiff served the Complaint on Defendant on June 15, 2021. Defendant removed the case to this Court the same day, arguing that this Court possessed federal question jurisdiction because "the substantive issue in [the Complaint] is whether [Defendant] provided adequate educational services to Plaintiff B.M—a requirement created by the IDEA." Notice, ECF No. 1.

Now before the Court is Plaintiff's Motion to Remand. ECF No. 7. For the reasons stated below, the motion is GRANTED.

## Standard

An action filed in state court may be removed by the defendant to federal district court only if the case falls within the original jurisdiction of the federal district court. 28 U.S.C. § 1441(a). However, federal courts are courts of limited subject matter jurisdiction, and if the case is not within the original subject matter jurisdiction of the district court, the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). The party seeking removal has the burden of establishing federal jurisdiction, and all doubts are resolved in favor of remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

## Discussion

Defendant argues this Court has jurisdiction because the "gravamen"—or substance—of Plaintiff's complaint is that Defendant denied Plaintiff a free appropriate public education, as required by the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"). Notice ¶ 10, ECF No. 1; Suggestions in Opp'n at 1–6, ECF No. 12.

The IDEA, at its core, guarantees children with disabilities receive a free appropriate public education. 137 S. Ct. at 753 ("In its first section, the IDEA declares as its first purpose 'to ensure that all children with disabilities have available to them a free appropriate public education.'") (quoting 20 U.S.C. § 1400(d)(1)(A)). In order to do this, the IDEA requires school officials, teachers, and parents design an "individualized education program" ("IEP") to meet the child's educational needs. *Id.* (construing 20 U.S.C. §§ 1414(d)(1)(A)(i)(II)(bb), (d)(1)(B)).

Defendant relies wholly on *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017). *Fry* clarifies the IDEA's administrative procedure exhaustion requirement, 20 U.SC. § 1415(l), which states:

> Nothing in [the IDEA] shall be construed to restrict or limit the rights, procedures and remedies available under the Constitution, the Americans with Disabilities Act

2

> . . . , title V of the Rehabilitation Act . . . , or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under [the IDEA], the [IDEA's administrative procedures] shall be exhausted to the same extent as would be required had the action been brought under [the IDEA].

*Fry* holds that, where a plaintiff brings a suit under another federal law protecting the rights of children with disabilities, and the "gravamen" of the complaint is the denial of a free appropriate public education, that plaintiff must first exhaust the IDEA's administrative procedures before filing the complaint. *Id.* at 752–58. *Fry* is of no help to Defendant. It does not hold—as Defendant would have the Court believe—that a complaint seeking relief under state law for the denial a free appropriate public education necessarily falls within the jurisdiction of the federal district court.

**I.     The Court lacks subject matter jurisdiction.**

Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C.§ 1331. "A cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Crews v. Gen. Am. Life Ins. Co.*, 274 F.3d 502, 504 (8th Cir. 2001). A complaint raises issues of federal law where either federal law creates the cause of action brought in the complaint, *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). or a "state-law claim necessarily raise[s] a stated federal issue" which is "actually disputed and substantial," and which may be entertained in federal court "without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Plaintiff brought his complaint under the MHRA, and thus did not assert a cause of action created by federal law.

Further, Plaintiff's claims do not fall within the "special and small category of cases" for which federal question jurisdiction lies under *Grable*. *Solomon v. Kansas City Pub. Sch.*, No.

3

4:19-00902-CV-RK, 2020 WL 954981, at *3 (W.D. Mo. Feb. 27, 2020) (quoting *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331 (8th Cir. 2016)). Such cases "present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases." 843 F.3d at 331 (quotation omitted). Defendant states, without any further analysis, that the Complaint raises a substantial federal issue because examining the complaint without considering the IDEA would risk the uniform development of federal law. Suggestions in Opp'n at 14, ECF No. 13. Defendant does not define the "issue" at play, and does not argue that any of the other *Grable* requirements are met. Even if Defendant had, the Court is satisfied that whatever issue Defendant might identify in the context of a state law claim ostensibly seeking relief that is also available under the IDEA would not raise a substantial federal issue. *See Solomon*, 2020 WL 95981, at *3 (collecting cases).

**II.     Attorney's Fees are appropriate.**

Plaintiff also seeks an award of attorney's fees. Where a Defendant lacks an objectively reasonable basis for removal, the Court may award attorney's fees incurred as the result of removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005); 28 U.S.C. § 1447. Defendant removed this case the same day it was served, and both its notice of removal and its suggestions in opposition to the instant motion rely on *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017), a wholly inapplicable case. Further, Plaintiff's complaint makes no reference to the IDEA or any other federal law, does not state that Plaintiff was denied a "free appropriate public education," and makes no reference to the implementation of Plaintiff's IEP. *See Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 694 (8th Cir. 2016) ("The petition's few references to the implementation of [Plaintiff's] IEP made for a colorable argument that the case presented a federal question under the IDEA"). Further, both *Moore* and *Solomon* held that state law claims seeking relief also

4

available under IDEA are not sufficient to establish federal jurisdiction. *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 693 (8th Cir. 2016) ("Even if the relief [Plaintiff] requested were available under both state law and the IDEA, the well-pled complaint rule protects [a plaintiff's] "right to choose a state law cause of action."); *Solomon*, 2020 WL 954981, at *4. As such, the Court concludes that Defendant lacked an objectively reasonable basis for removal.

## Conclusion

Plaintiff's motion is GRANTED. The Clerk of the Court is directed to remand this case back to the Circuit Court of Clay County, Missouri. The Court retains jurisdiction to determine appropriate attorney's fees. *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005). On or before December 3, 2021, Plaintiffs shall file a brief detailing the amount of attorney's fees and costs to which he is entitled under 28 U.S.C. § 1447(c). Defendant shall file a response on or before December 17, 2021. Defendant's response shall not relitigate the contents of this order.

**IT IS SO ORDERED.**

Date: November 15, 2021            /s/ Greg Kays
                                   GREG KAYS, JUDGE
                                   UNITED STATES DISTRICT COURT